09-2604-ag
Lu v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand and ten.

Present: RICHARD C. WESLEY,
         GERARD E. LYNCH,
                  *Circuit Judges*,
         MARK R. KRAVITZ,
                  *District Judge.*[*]

_____

YANYU LU, QINGFENG CHEN,
                  Petitioners,

         - v. -                                    (09-2604-ag)

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
                  Respondent.

_____

---

[*]  The Honorable Mark R. Kravitz,, of the United States District Court for the District of Connecticut, sitting by designation.

1

For Petitioners:    YANYU LU, QINGFENG CHEN, *pro se*, New
                    York, New York

For Respondent:     TONY WEST, Assistant Attorney General;
                    ANTHONY C. PAYNE, Senior Litigation
                    Counsel; YEDIDYA COHEN, Trial Attorney,
                    Office of Immigration Litigation, United
                    States Department of Justice, Washington,
                    D.C.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED**, that the petition for review is **DENIED**.

Yanyu Lu and Qingfeng Chen, natives and citizens of China, seek review of a May 29, 2009 order of the Board of Immigration Appeals ("BIA"), reversing the May 17, 2007 decision of Immigration Judge ("IJ") George T. Chew, which granted their application for asylum. *In re Yanyu Lu, Qingfeng Chen*, Nos. A094 813 907, A094 813 908 (B.I.A. May 29, 2009), *rev'g* Nos. A094 813 907, A094 813 908 (Immig. Ct. N.Y. City May 17, 2007).  We presume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  We review an agency's factual

findings for substantial evidence, and will reverse factual determinations only if any reasonable adjudicator would be compelled to conclude the contrary. *See Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Substantial evidence supports the BIA's determination that the petitioners failed to demonstrate a well-founded fear of persecution under the Chinese family planning policy on account of the birth of their U.S. citizen children. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 158-73 (2d Cir. 2008). Because the BIA did not err in finding that petitioners failed to demonstrate a well-founded fear of persecution on account of the birth of their U.S. citizen children, it reasonably denied their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") insofar as those applications were based on that claim. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

We do not consider petitioners' argument that they are eligible for CAT relief based on their purportedly illegal departure from China because that argument was not properly exhausted at the administrative level. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED.

                                    For the Court
                                    Catherine O'Hagan Wolfe, Clerk